IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY REDMOND,

                Plaintiff,                ORDER

v.

                                         13-cv-145-wmc

DAWN LAURENT, *et al.*,

                Defendants.

---

Plaintiff Rodney Redmond has filed this proposed civil action under 42 U.S.C. § 1983, concerning the conditions of his confinement at the Columbia Correctional Institution ("CCI"). Redmond requests leave to proceed under the *in forma pauperis* statute and he has made an initial partial payment of the filing fee as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1). Pending before the court are Redmond's motions for leave to amend the complaint and to "certify" or "stipulate" that he has exhausted all available administrative remedies. (Dkts. # 8, # 10). Redmond also requests the appointment of counsel to assist him with this case. (Dkt. # 11).

Redmond's motion for leave to amend will be granted and his proposed amended complaint will be taken under consideration for screening pursuant to the PLRA, 28 U.S.C. § 1915A, at the court's earliest opportunity.

The court now turns to Redmond's motion to certify that he has exhausted all administrative remedies with respect to the claims in his amended complaint. As Redmond undoubtedly knows, the PLRA prohibits any civil action by a prisoner concerning "prison conditions" until "such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). The court cannot determine whether Redmond has exhausted his administrative remedies because he has not provided a complete record of his institutional grievances. More importantly, a prisoner's failure to exhaust is an affirmative defense that belongs to the defendants. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). To the extent that Redmond seeks to preempt that defense, his motion must be denied.

Redmond's motion for appointed counsel also will be denied at this time. Civil litigants have no constitutional or statutory right to the appointment of counsel. *See, e.g., Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The most a court can do is determine whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that, at most, the federal IFP statute confers discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). In other words, a reviewing court only has discretion to recruit a volunteer. *Ray*, 706 F.3d at 867.

Construing Redmond's motion as a request for assistance in locating a volunteer, the court notes that he fails to meet certain threshold requirements for consideration. Before deciding whether it is necessary to recruit volunteer counsel, a court must find that the plaintiff has made reasonable efforts to locate a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. *See Jackson v.*

*County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). To show that he has made reasonable efforts to find a lawyer, a plaintiff must give the court the names and addresses of at least three lawyers that he has asked to represent him in this case and who turned him down. *Id.* Redmond has provided copies of three letters that he wrote to local attorneys shortly before he submitted his motion. He does not indicate, however, that his requests for assistance were refused.

Assuming that he has been unable to locate a volunteer, Redmond fails to meet other criteria for court assistance in locating counsel. The central question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). In other words, given the complexity of the case, does this plaintiff appear to be competent to try the case on his own? *See Santiago v. Walls*, 599 F.3d 749, 763-64 (7th Cir. 2010); *Pruitt*, 503 F.3d at 655-56).

In support of his request for counsel, Redmond presents a psychological summary from August 2012 that reflects the following diagnoses: polysubstance dependence in a controlled environment; an unspecified learning disorder; depression; anxiety; and a personality disorder with "antisocial" and "borderline" features. (Dkt. # 11, Exhibit). That same summary indicates that Redmond has "difficulty managing his emotions," that he "lacks coping skills," and displays minimal tolerance for frustration. (*Id.*). Otherwise, his difficulties are described as "moderate." (*Id.*).

The court does not question whether Redmond suffers from a serious mental disorder or a combination of impairments that will make litigating this case difficult. The

3

evidence, however, does not reflect that his mental illness that is so severe that it exceeds his ability to litigate on his own behalf at this time. In that respect, Redmond's amended complaint is neatly typed and coherent. He has provided exhibits in support of his motions and he appears to understand the legal issues. Although Redmond indicates that he requires counsel to investigate and conduct discovery, his request for assistance in that regard is premature because his amended complaint has not been screened. Accordingly, the motion will be denied without prejudice to reconsideration at a later time. Redmond may re-file his request for counsel after the court has issued a screening order on his amended complaint.

## ORDER

IT IS ORDERED that:

1. Plaintiff Rodney Redmond's motion for leave to amend the complaint, dkt. # 8, is GRANTED.

2. Plaintiff's motion to certify or stipulate to exhaustion of remedies, dkt. # 10, is DENIED.

3. Plaintiff's motion for appointment of counsel, dkt. # 11, is DENIED at this time as premature. Plaintiff may re-file a request for court assistance in locating a volunteer attorney after the court has issued a screening order on the amended complaint.

Entered this 29th day of January, 2014.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge